**Clarence L. LEITER, Appellant (Respondent below),**

v.

**Carolee J. (Leiter) SCOTT, Appellee (Petitioner below).**

No. 29S04–9504–CV–443.

Supreme Court of Indiana.

Aug. 25, 1995.

---

**3.** *Id.*

Stuart T. Bench, Indianapolis, for appellant.

Christine Crull Altman, Karen R. McClure, Noblesville, for appellee.

SHEPARD, Chief Justice.

Several years after appellant Clarence Leiter and appellee Carolee J. Scott divorced, Clarence filed a petition to modify the decree issued to dissolve the marriage. He asserted he now had reason to believe he was not the father of the boy identified as a child of the parties in the decree. He asked the court to order DNA tests so he could prove it. The trial court dismissed the petition and the Court of Appeals affirmed. *Leiter v. Scott* (1994), Ind.App., 638 N.E.2d 1335. They were correct to do so.

We confronted similar issues in *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597. When the parties to a dissolution inform the court that they have children and ask for findings to that effect, under what circumstances may one of the parties seek relief from the decree in later years? We recognized in *Fairrow* that under certain extraordinary facts justice may require allowing subsequent access to the courts for reexamination of paternity, and we granted relief to Mr. Fairrow. At the same time, we observed the substantial

disadvantages of allowing divorce litigants to use paternity as a tool in the frequently rambunctious atmosphere following the dissolution of a marriage. We advised that "[o]ne who comes into court to challenge a support order on the basis of non-paternity without externally obtained clear medical proof should be rejected...." *Id.* at 1336.

The balance we struck in *Fairrow* does not represent a perfect solution. Still, the Court of Appeals was right to affirm on the basis of *Fairrow.* The relatively bright line we established there is one that could easily evaporate to the disadvantage of thousands of parents and children should it become riddled with exceptions.

Accordingly, we grant transfer and summarily affirm the opinion of the Court of Appeals. Ind.Appellate Rule 11(B)(3). The judgment of the trial court is affirmed.

DeBRULER and SELBY, JJ., concur.

DICKSON and SULLIVAN, JJ., concur in result.